IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-547-BO-BM

| | | |
|---|---|---|
| NICOLE ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NNE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 7].[1] Plaintiff has responded, defendant has replied, and a hearing on the motion was held before the undersigned on April 1, 2026, at Raleigh, North Carolina. In this posture, the motion is ripe for disposition.

In her complaint, plaintiff has alleged claims against her former employer for harassment and discrimination based on sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act, wrongful discharge in violation of North Carolina public policy, and violation of the North Carolina Retaliatory Employment Discrimination Act. Plaintiff alleges that defendant treated her differently because of her sex and age and that it retaliated against her after she raised concerns regarding gender discrimination and workplace safety following an incident involving a coworker. *See* [DE 1-4].

---

[1] Defendant's motion indicates that it has also been filed under Rule 12(b)(1). However, the Court does not discern any argument by defendant that this Court lacks subject matter jurisdiction. Accordingly, the Court construes the motion as one brought pursuant to Rule 12(b)(6).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). In an employment discrimination case, a plaintiff need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss[.]" *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 535 U.S. 506, 510-15 (2002)). Rather, a plaintiff must "allege facts to satisfy the elements of a cause of action created by [the relevant] statute' in compliance with *Iqbal*" and *Twombly*. *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has considered plaintiff's claims in light of the applicable standards as well as the arguments of the parties at the hearing, and it determines that plaintiff has plausibly alleged her claims for relief.[2] The motion to dismiss [DE 7] is therefore DENIED.

---

[2] Defendant has attached a number of documents to its motion to dismiss, which the Court may consider without converting the motion to one for summary judgment so long as the documents are integral to the complaint and their authenticity is undisputed. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The Court is not convinced that each of the documents relied upon by defendant is integral to plaintiff's complaint. *Id.* (document is integral where "complaint relies heavily upon its terms and effect[.]") (quotation and citation omitted); *see also Tagirova v. Elizabeth City State Univ.*, No. 2:16-CV-70-D, 2017 WL 4019516, at *4 (E.D.N.C. Sept. 11, 2017). Accordingly, the Court declines to consider each of defendant's attachments, as they are better suited for consideration at a later stage of these proceedings.

2

SO ORDERED, this ___ day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3